IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE: | CASE NO. 09-82347 |
| | CHAPTER 13 |
| DEWAYNE K. LONG, | |
| | **OBJECTION TO CONFIRMATION OF** |
| Debtor. | **DEBTOR'S CHAPTER 13 PLAN** |

**COMES NOW** Wells Fargo Bank, N.A. (hereinafter "Wells Fargo"), a secured creditor of Debtor DeWayne K. Long, and hereby objects to confirmation of Debtor's Chapter 13 Plan, and in support of said Objection, shows to the Court as follows:

1. That Debtor filed his Petition for Relief under Chapter 13 of the United States Bankruptcy Code on September 3, 2009.

2. That on or about August 4, 2003, Debtor executed and delivered his EquityLine with FlexAbility Agreement (hereinafter "Agreement") in writing to Wells Fargo with an initial credit limit in the amount of $417,500.00, plus interest as provided for in said Agreement. A copy of said Agreement is attached hereto and marked as Exhibit "A".

3. That to secure payment of said Agreement, Debtor and Lesa Long executed and delivered to Wells Fargo as Lender and Beneficiary their certain Deed of Trust in writing on August 4, 2003, said Deed of Trust being upon real estate located in Sarpy County, Nebraska, commonly known as 16350 Crestfield Dr., Omaha, Nebraska, and legally described as follows:

> Lot 26, Lake Ridge Estates, a Subdivision, as Surveyed, Platted and Recorded in Sarpy County, Nebraska.

A copy of said Deed of Trust is attached hereto and marked as Exhibit "B".

4. That Debtor's Chapter 13 Plan fails to provide for payment of Wells Fargo's secured claim.

5. That despite Wells Fargo having a secured claim against the Debtor, Debtor does not list Wells Fargo as having a secured claim, but does list Wells Fargo's claim as a general unsecured claim.

6. That at the time of Debtor's bankruptcy filing, Debtor was in default on his loan with Wells Fargo with a pre-petition delinquency of $11,794.61. In addition, the unpaid principal balance due and owing on the loan is $406,134.95 plus interest and other charges.

7. That Debtor values the real estate at $550,000.00 and thus it appears that Debtor considers Wells Fargo's claim as a wholly unsecured claim. Given the amount owed on the first lien, there is the possibility that Wells Fargo's claim may be partially unsecured and/or wholly unsecured. However, Wells Fargo asserts that the Debtor has equity in the property above the amount of the first lien and thus Wells Fargo's claim is protected as a secured claim.

8. The Debtor conveyed his interest in the real estate to The DCSTH Foundation (hereinafter "Foundation") on or about August 10, 2007 by virtue of a Quitclaim Deed and it appears the Debtor is using this real estate as the Foundations headquarters.

9. That Debtor valued the real estate at $1,300,000.00 in the Foundations' Returns of Private Foundation submitted to the Internal Revenue Service on June 3, 2008 and August 7, 2009. Copies of the 2007 and 2008 Returns are attached hereto and marked as Exhibits "C" and "D", said returns being located on the Internet.

10. That not only does the Debtor significantly reduce the value of the real estate for purposes of this bankruptcy, the Debtor has failed to list and/or concealed his interest in various businesses, i.e. Citywide Financial Services Corp, The DCSTH Foundation, Schulz Financial Services, K & R Development LLC among unknown others. In addition, it appears that a Class Action lawsuit was filed against Debtor and some of these entities on September 2, 2009 in New Jersey, said Complaint alleging violation of the New Jersey Racketeer Influenced and Corrupt Organizations Act, violation of the New Jersey Consumer Fraud Act, professional negligence, fraud and deceit, breach of contract and bad faith in contract.

11. That pursuant to Debtor's Schedules I and J, the Debtor shows monthly net income of a negative $4,396.08 and thus it does not appear feasible for the Debtor to make payments towards a Chapter 13 Plan.

12. That Debtor's Plan generally provides for the retention of the real estate with monthly mortgage payments in excess of $6,000.00 on the first mortgage, not including Wells Fargo's mortgage, and to retain a 2009 Chevrolet Tahoe. In addition, Debtor intends to pay unsecured creditors little, if any, on unsecured claims, said unsecured claims scheduled in excess of $650,000.00. Based on the claims filed to date and the class action lawsuit, it appears that unsecured claims will be significantly higher than that amount. Allowing Debtor to retain the house and vehicle without paying Wells Fargo and the unsecured claims would constitute a substantial abuse of the bankruptcy system.

13. That because Wells Fargo is not being adequately protected in the Debtor's Chapter 13 Plan and because Wells Fargo is not being paid the full amount of its secured claim, Debtor's Chapter 13 Plan cannot be confirmed pursuant to 11 U.S.C. §1325(a)(5).

14. That with the inclusion of Wells Fargo's secured claim, it appears that Debtors' Chapter 13 Plan will be insufficiently funded and thus the Debtor's Chapter 13 Plan cannot be confirmed pursuant to 11 U.S.C. §1325(a)(6).

15. That based on the allegations set forth above, Debtor's Chapter 13 Plan has not been proposed in good faith and thus Debtor's Chapter 13 Plan cannot be confirmed pursuant to 11 U.S.C. §1325(a)(3).

**WHEREFORE,** Wells Fargo Bank, N.A., a secured creditor of Debtor DeWayne K. Long, moves the Court for an Order denying confirmation of Debtor's Chapter 13 Plan, and for such other and further relief as the Court deems just and equitable.

**DATED** this 19th day of November, 2009.

        WELLS FARGO BANK, N.A.,
        A Secured Creditor,

By:   */s/ Matthew E. Eck*
For:   LOCHER PAVELKA DOSTAL
        BRADDY & HAMMES, LLC
        200 The Omaha Club
        2002 Douglas Street
        Omaha, Nebraska 68102
        Phone: (402) 898-7000
        Fax:   (402) 898-7130
        meck@lpdbhlaw.com
        Matthew E. Eck

## CERTIFICATE OF SERVICE

   I hereby certify that on November 19, 2009, I electronically filed the foregoing Objection to Confirmation of Plan with the Clerk of the United States Bankruptcy Court for the District of Nebraska using the CM/ECF system which sent notification of such filing by electronic mail to Patricia Geringer, Debtor's Attorney; Kathleen Laughlin, Chapter 13 Trustee; and Patricia Fahey, U.S. Trustee, and I hereby certify that I have mailed by United States Mail, postage prepaid, the foregoing to the following non CM/ECF participant:

<u>DEBTOR</u>
DeWayne K. Long
PO Box 3
Ashland, Nebraska 68003

                 */s/ Matthew E. Eck*