IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE DEWAYNE LONG, | ) | CASE NO. BK 09-82347 |
| | ) | |
| Debtors, | ) | |
| | ) | **SECOND AMENDED** |
| | ) | **RESISTANCE TO OBJECTION** |
| | ) | |

COMES NOW debtor and resists the objection of Wells Fargo Bank N.A. for the following reasons:

1. Debtor admits paragraphs 1-3;

2. Debtor denies paragraph 4 because the debt agrees to pay all allowed claims;

3. Denies paragraph 5 to the extent that at the time of filing herein, debtor in good faith believed that any line of credit with Wells Fargo was unsecured;

4. Denies paragraph 6 to the extent that the statute of limitation may have run with respect to any credit line advancement(s) and debtor does not believe that such amount of funds were ever advanced and if such funds were never advanced, provided or paid to the debtor, a creditor cannot accelerate an amount never paid;

5. Debtor denies paragraph 7;

6. Debtor admits paragraphs 8-9;

7. Debtor denies paragraph 10 because debtor has no real financial interest in Citywide (said corporation has no assets, only debts, and any stock is therefore worthless), the DCSTH Foundation (which is a non-profit and thus the debtor cannot have a financial interest in by law), Schultz Financial Services (never had an interest in), or K & R Development (which was dissolved pre-petition in 2009

and thus no interest exists). Debtor admits that he was apparently named as a Defendant in the New Jersey case listed though debtor has yet to be served with any papers.

8. Debtor denies paragraphs 11-15;

9. That the debtor did not get two copies of a notice of a right to cancel;

10. That the Debtor alleges that there is no proper chain of title because, upon, information and belief, this note was sold and that the creditor cannot prove any right to bring this action;

11. Debtor alleges that if the Deed of Trust was sold or assigned to any third parties that any lien against the property ceased as the result of such securitization;

12. Debtor alleges that if the Deed of Trust was sold or assigned to any third parties that such was done "in blank" and that such renders any sale or assignment void as a matter of law;

13. Debtor alleges that if the Deed of Trust was sold or assigned to any third parties that such may violate the federal Truth in Lending Act and other related federal statutes.

WHEREFORE the debtor prays that his resistance be sustained.

/s Michael B. Kratville
Michael B. Kratville #18255
11920 Burt Street
Suite 145
Omaha, Nebraska 68154
(402) 391-5153
FAX (402) 393-0629

Attorney for Debtor

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the above and foregoing was emailed on the ECF system on the 30th day of November 2009 to all counsels of record in the BK proceeding.

/s Michael B. Kratville