**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| **IN THE MATTER OF:** | ) **BK. NO.  09-82347-TJM** |
| | ) |
| **DEWAYNE K. LONG** | ) **CHAPTER 13** |
| **SSN: ###-##-2479** | ) |
| | ) |
| | ) |
| | ) |
| **Debtor.** | |

**TRUSTEE'S MOTION TO DISMISS**

**COMES NOW, KATHLEEN A. LAUGHLIN**, Chapter 13 Trustee, herein, and moves the Court to dismiss the case of the above-referenced debtor for the following reasons:

1. The secured and unsecured debt of the debtor appears to exceed the limitations set for in 11 U.S.C. §109(e) for debtors to be eligible to seek relief under Chapter 13.  The debtor must establish that he is eligible for relief under chapter 13.  Failing that, the case should be dismissed or, at the request of the debtor, converted to another chapter.

2. The debtor listed over $600,000.00 in unsecured debt on his schedules.  Many other debts are listed as having an unknown balance.  These debts are not identified as contingent.

3. Presently the Court's claims registry shows that unsecured claims have been filed with the Court in excess of $1,000,000.00, not including priority claims.  The limit now in effect is $336,900.00

4. The Court's registry also shows that there have been secured claims filed in excess of $1,300,000.00.  The limit now in effect is $1,010,650.00.  In this regard, the Trustee notes that two secured claim have been filed against the debtor's residence which together total more than $1,200,000.00.  Since the unsecured portion of secured claims are also to be considered when determining whether the debtor is over the unsecured limit, it is relevant to mention that the value of the residence as set by the Sarpy County assessor is only approximately $580,000.00, which would leave over $680,000.00 of these claims unsecured, which would be enough alone to make the debtor ineligible for Chapter 13 relief.

5. The debtor stated at the first meeting that he was unemployed and would rely on family and friends to make his payments.  No amended schedules have been filed to reflect any change to this situation.  If the debtor has no regular source of income, he is not eligible for chapter 13 relief.

6.  The Trustee has raised several issues in her objection to confirmation with regard to the debtor's tax returns and the ownership of his residence that have not been explained.  Failure to address these issues suggests a lack of good faith that should deny the debtor use of the bankruptcy system.   Furthermore, several of the claims filed with the Court concern what appear to be questionable financial practices conducted by the debtor through one or more corporations owned or controlled by him.   Some appear to involve loans owed by these corporations that promised investors short term rates of return of 100%.   These practices appear to have been the subject of a cease and desist order issued by the State of Nebraska in November, 2009.  Many persons were listed in the schedules that might be such investors who have not filed claims.  These circumstances seem to suggest the possibility that the debtor is attempting to use the bankruptcy system improperly.  Unless he can establish his eligibility for relief, the case should be dismissed.

**WHEREFORE**, Trustee prays that her Motion to Dismiss be sustained, and for such other further relief as may be proper.

        DATED:  February 24, 2010

                                        s/ Kathleen A. Laughlin
                                        Kathleen A. Laughlin #16883
                                        Chapter 13 Trustee
                                        13930 Gold Circle, Suite #201
                                        Omaha, NE 68144
                                        (402) 697-0437
                                        1-800-884-0437

                        **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the Trustee's Motion was served on PATRICIA A GERINGER, debtor attorney via the CM/ECF system of the United States Bankruptcy Court and a copy was mailed on February 24, 2010, by first-class, U.S. mail, postage prepaid to the Debtor at the address listed below:

DEWAYNE K. LONG
P O BOX 3
ASHLAND, NE 68003

                                        s/ Kathleen A. Laughlin
                                        Kathleen A. Laughlin

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: | ) BK. NO.  09-82347-TJM |
| | ) |
| DEWAYNE K. LONG | ) CHAPTER 13 |
| SSN: ###-##-2479 | ) |
| | ) |
| | ) |
| | ) |
| Debtor. | |

### NOTICE SETTING RESISTANCE DEADLINE

**PURSUANT TO** Neb. R. Bankr. P. 9013-1, you are notified as follows:

1) KATHLEEN A. LAUGHLIN, Chapter 13 Trustee, has filed a **Trustee's Motion to Dismiss.**

2) **The last day to file a resistance to the Trustee's Motion to Dismiss** is **March 17, 2010**. The Resistance must be served on the Trustee.

3) If the resistance period expires without the filing of any resistance, the Court will consider entering an order granting the relief sought without further notice or hearing.

DATED:  February 24, 2010

> s/ Kathleen A. Laughlin
> Kathleen A. Laughlin #16883
> Chapter 13 Trustee
> 13930 Gold Circle, Suite #201
> Omaha, NE 68144
> (402) 697-0437
> 1-800-884-0437

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the Trustee's Motion was served on PATRICIA A GERINGER, debtor attorney via the CM/ECF system of the United States Bankruptcy Court and a copy was mailed on February 24, 2010, by first-class, U.S. mail, postage prepaid to the Debtor at the address listed below:

DEWAYNE K. LONG
P O BOX 3
ASHLAND, NE 68003

> s/ Kathleen A. Laughlin
> Kathleen A. Laughlin