**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| IN THE MATTER OF: | ) BK. NO.  09-82347-TJM |
| | ) |
| DEWAYNE K. LONG | ) CHAPTER 13 |
| SSN: ###-##-2479 | ) |
| | ) |
| | ) |
| | ) |
| **Debtor.** | |

## TRUSTEE'S OBJECTION TO CONFIRMATION OF PLAN

COMES NOW, KATHLEEN A. LAUGHLIN, Chapter 13 Trustee, and objects to confirmation of the plan pursuant to 11 U.S.C. § 1324 and Bankruptcy Rule 3015 (f) for the following reason(s):

1. Based upon claims filed or debts scheduled or both, it appears that the debtor is not eligible for Chapter 13 relief in that such debt exceeds the limitations set forth in 11 U.S.C. Sec. 109(e).

2. The plan may not satisfy the best interests of the creditors test. The debtor's tax return for 2008 showed he received over $400,000.00 in interest or dividend income from numerous sources. However, the schedules reflect no property that could possibly be the source of such income. Furthermore, no transfers of such holdings are listed anywhere in the debtor's Statement of Financial Affairs. Finally, the debtor's tax return indicated that all of the income mentioned was withheld for taxes, and that the debtor was expecting a tax refund in excess of $300,000.00 sometime in 2009. There is no mention of such a transaction in the schedules. Until these discrepancies are explained, the plan should not be confirmed.

3. The debtor appears to be attempting to void liens on all property owned legally or beneficially by him, which would create substantial equity, which in turn would have to be paid out to unsecured creditors. The plan is not funded to do so.

4. At the time the case was filed, the debtor reported owning a house worth more than $500,000.00 and also reported a monthly house payment of over $6,000.00 per month. Now he reports that he neither owns the house nor makes the house payments. Local governmental records report that a foundation with the same address as the debtor holds title, but no explanation is offered in the schedules with regard to the ownership of this foundation or of the nature and extent of the debtor's interest in the property. Until these discrepancies are explained, the plan should not be confirmed.

5. The debtor has not explained the source of his income. The plan may not have been filed in good faith. At the first meeting of creditors, on the other hand, the debtor indicated that he had no income and was unemployed.

6.  According to schedule E, the debtor is paying child support. Furthermore, two separate child support claims have been filed. The plan fails to list any Domestic Support Obligation holder's name and address so that the Trustee may provide the required statutory notice.  No DSO certificate has been filed.

7. The debtor is over median but has proposed a 36 month plan.  Secured and priority claims have been filed that greatly exceed the base amount of the plan.  The plan is underfunded.

WHEREFORE, Trustee prays that the Trustee's Objection to Confirmation be sustained.

DATED:  February 24, 2010

s/ Kathleen A. Laughlin
Kathleen A. Laughlin #16883
Chapter 13 Trustee
13930 Gold Circle, Suite #201
Omaha, NE 68144
(402) 697-0437
1-800-884-0437

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the Trustee's Objection was served on PATRICIA A GERINGER, debtor attorney via the CM/ECF system of the United States Bankruptcy Court and a copy was mailed on February 24, 2010, by first-class, U.S. mail, postage prepaid to the Debtor at the address listed below:

DEWAYNE K. LONG
P O BOX 3
ASHLAND, NE 68003

s/ Kathleen A. Laughlin
Kathleen A. Laughlin
