IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-82347-TJM |
| | ) | |
| DEWAYNE K. LONG, | ) | CH. 13 |
| | ) | |
| Debtor. | ) | |

## **ORDER**

      This matter was presented to the Court on Debtor's motion entitled "Emergency Motion for Continuation of Automatic Stay in Case Filed Within One Year After Dismissal of Prior Bankruptcy Case" (Fil. #204). Debtor, Dewayne Long, filed this motion pro se, even though he has had several attorneys appear for him at times in this proceeding.

      On its face, Debtor's motion continues to confuse a motion for continuation of the automatic stay as a repeat filer under § 362(c)(3)(B) of the Bankruptcy Code with a motion for stay pending appeal under Bankruptcy Rule 8005. As indicated in this Court's prior order (Fil. #199), this is not a repeat filer situation. Instead, this case was dismissed and this Court cannot enter orders under § 362(c)(3)(B) in a dismissed case. Thus, the pending motion will be treated simply as a motion for stay pending appeal under Bankruptcy Rule 8005.

      Debtor appears to be asking this Court to stay the effect of this Court's order dismissing Debtor's Chapter 13 proceeding (Fil. #172) during the pendency of his appeal of that dismissal order. Specifically, Debtor desires to have this Court reinstate the case and reimpose the automatic stay, which expired due to the dismissal of the case.

      As a result of this motion, I have (for the third time) reviewed the record in the bankruptcy court. The first time was at the April 13, 2010, hearing. The second was in connection with Debtor's motion to reconsider (Fil. #175), which was denied on June 8, 2010 (Fil. #182). As a result of Debtor's current motion, I have again reviewed the record, including the transcript of the hearing held on April 13, 2010. After that review, it remains abundantly clear that Debtor cannot meet the debt limits to make him eligible for Chapter 13 relief.

      Debtor's own schedules admit that his total debt far exceeds the debt limits, and the proofs of claim filed in the case also show that he far exceeds the debt limits. Debtor tries to bring himself within the debt limits asserting a challenge to some of the claims by questioning who may be the "real party in interest" holding the secured debt. However, as noted at the April 13, 2010, hearing, Debtor did not, at least as of that time, specifically deny having executed any of the promissory notes put into evidence and/or attached to the proofs of claim. Even if Debtor can somehow attack the validity of security interests or the "real party in interest," such attack does not change the fact that he executed the promissory notes and owes the indebtedness. It also appears that all of the promissory notes are "unsecured" in this proceeding because Debtor filed amended schedules indicating that he does not own any property (he apparently transferred his property into some sort of trust or foundation pre-bankruptcy). Accordingly, there is simply no doubt that his debts far

exceed the unsecured debt limits for Chapter 13. The numbers are not even close. I will not reinstate the automatic stay when the Debtor is not eligible for Chapter 13 relief. Debtor needs to establish his eligibility, and he cannot do so by creating theories, allegations, and claims that have not yet been established.

Further, the motion indicates that Debtor's home (which, by his own admission, he did not and does not own) has already been foreclosed upon and that the third party buyer of the property (HBI, LLC) is simply attempting to remove Debtor from the premises. There is nothing to be reorganized. If Debtor wants to challenge the validity of the foreclosure itself, there is nothing to prevent him from doing so in state court rather than bankruptcy court (other than perhaps his own standing, since he was not the owner of the property at the time of bankruptcy filing or foreclosure).

Finally, another course of action that would have protected all of Debtor's rights was available, but he chose instead to let his case be dismissed. In accordance with this Court's ruling on the motion to dismiss on April 13, 2010 (Fil. #166), Debtor was given until April 30, 2010, to convert to another chapter. Debtor did not file a motion to convert to another chapter (such as Chapter 11, for which he was eligible and would have been free to pursue his claims) and, subsequently, this Court entered its dismissal order on May 4, 2010 (Fil. #172).

IT IS, THEREFORE, ORDERED that Debtor's Emergency Motion for Continuation of Automatic Stay (Fil. #204) is denied.

DATED: August 24, 2010.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *John M. Carter
    *Michael B. Kratville
    *Patricia Geringer
    Dewayne K. Long
    Kathleen Laughlin
    United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.